UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARREN L. ACKERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-00061-NCC |
| | ) | |
| MARK PFEIFFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Darren Ackerson's application to proceed in the district court without prepaying fees or costs. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court will grant the application and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.[1]

### Initial Partial Filing Fee

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After

---

[1] Under the Prison Litigation Reform Act, prisoners are responsible for their filing fees the moment they bring a civil action or file an appeal. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (citation omitted). Thus, plaintiff must pay the filing fee despite the dismissal of his complaint. *Id.*

payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id.*

Plaintiff did not submit an inmate account statement as required by 28 U.S.C. §1915(a)(2). Even so, the Court will impose an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law.

*Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is a pretrial detainee at the St. Louis City Justice Center in St. Louis, Missouri. He brings this suit under 42 U.S.C. § 1983 against Earnest Fuller (police officer), Mark Pfeiffer ("asset removal"), Dylan Mitchem (police officer), and Randy P. Lukasek (police officer). All defendants work for the St. Louis Metropolitan Police Department ("SLMPD"). Plaintiff sues them in their official capacities only.[2]

Plaintiff alleges that he was arrested after a "felony car stop" on April 25, 2023. He asserts he "was not charged with any drug related charges[.]" Plaintiff states that the officers wrongfully

---

[2] In the Complaint, under the section titled "The Parties to this Complaint," plaintiff selected "Official Capacity" for each defendant. (ECF No. 1 at 2-3).

impounded his Acura MDX following the arrest. He asserts each defendant's personal involvement as follows:

| Defendant | Plaintiff's Allegations |
| --- | --- |
| Earnest Fuller | "Watched as my Fourth Constitutional Right was violated, [due] to unreasonable search and seizure." |
| Randy Lukasek | "[A]llowed Mark Pfeiffer of Asset Removal and Dylan Mitchem [to] fail to book me with the normal [formality] of procedure." |
| Dylan Mitchem | Failed "to book me with the normal [formality] of procedure." Did not "once [grant] me a shot at signing for my property receipt and vehicle." |
| Mark Pfeiffer | Failed "to book me with the normal [formality] of procedure" and "watch[ed] as this [incident] happened." |

Plaintiff claims he lost everything due to the arrest. He now suffers from depression, mania, and mental breakdowns. He seeks $100,000 in damages.

**Discussion**

Plaintiff asserts that defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures. Having carefully reviewed the Complaint under § 1915(e)(2), the Court finds that plaintiff has failed to state a claim upon which relief can be granted.

**1.  The SLMPD is not a suable entity**

Plaintiff sues defendants in their official capacities only. An official-capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th

4

Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). Thus, to prevail on an official-capacity claim against a public employee, a plaintiff must establish the governmental entity's liability for the alleged misconduct. *See Kelly*, 813 F.3d at 1075.

Plaintiff cannot do so in this case. In his Complaint, plaintiff states that all defendants work for SLMPD. Thus, because he asserts only official-capacity claims against defendants, SLMPD is the real party in interest. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (recognizing that the real party in interest in an official-capacity suit is the governmental entity and not the named official). It is well-established that a police department, as a department of local government, is not a distinct entity subject to suit. *See, e.g., Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming summary judgment in favor of county jail because "county jails are not legal entities amendable to suit."); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court's dismissal of county jail and sheriff's department as parties because they are not suable entities). For this reason, the Court finds that plaintiff's Complaint fails to state a claim upon which relief can be granted.

### 2.  Plaintiff cannot establish municipal liability

Even if SLMPD were a suable entity, plaintiff would still have to establish SLMPD's liability for the alleged misconduct. *See Kelly*, 813 F.3d at 1075 ("A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer and therefore must establish the municipality's liability for the alleged conduct."). To do so, plaintiff would need to demonstrate that the alleged constitutional violations "resulted from (1) an official

5

municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Municipal liability attaches where: (1) a particular municipal policy or custom violates federal law or directs an employee to do so; and (2) a facially lawful municipal policy or custom was adopted with deliberate indifference to its known or obvious consequences. *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citing *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008)).

Plaintiff makes no allusions to any policy, custom, or lack of training. He asserts only that defendants performed an unlawful search and seizure. He does not allege that defendants did so per any policy or custom of the SLMPD or the City of St. Louis. Indeed, plaintiff appears to recognize the existence of a lawful procedure when he explicitly states that defendants strayed from "the normal [formality] of procedure." Absent allegations of an unconstitutional policy or custom—or a deliberately indifferent failure to train defendants by the SLMPD—plaintiff cannot establish municipal liability. *See Mick*, 883 F.3d at 1079.[3]

### 3. Plaintiff cannot establish an unreasonable seizure

Plaintiff's claim would also fail against defendants in their individual capacities. To succeed on an individual-capacity claim, a plaintiff must allege facts demonstrating each defendant's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203,

---

[3] The Court also notes that it cannot infer the existence of an unconstitutional policy, or a custom that conflicts with the official policy, from a single occurrence of allegedly unconstitutional conduct. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991) (citation omitted).

1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Put another way, a plaintiff must allege facts showing how a particular defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

At issue in this case is the seizure of plaintiff's vehicle.[4] The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. Generally, a search or seizure conducted without prior approval by a judge or magistrate is unreasonable under the Fourth Amendment. *United States v. Marshall*, 986 F.2d 1171, 1173 (8th Cir. 1993). However, "[i]mpoundment of a vehicle for the safety of the property and the public is a valid community caretaking function of the police, which does not require a warrant." *See United States v. Kimhong Thi Le*, 474 F.3d 511, 514 (8th Cir. 2007) (quoting *United States v. Petty*, 367 F.3d 1009, 1011 (8th Cir. 2004)) (internal quotation marks omitted). "The reasonableness standard of the Fourth Amendment applies to any seizure by the government in any context." *Coleman v. Watt*, 40 F.3d 255, 263 (8th Cir. 1994). "The impounding of a vehicle passes constitutional muster so long as the decision to impound is guided by a standard policy—even a policy that provides officers with discretion as to the proper course of action to take—and the decision is made on the basis of something other than suspicion of evidence of criminal activity." *See Kimhong Thi Le*, 474 F.3d at 514 (quoting *Colorado v. Bertine*, 479 U.S. 367, 375 (1987)) (internal quotation marks omitted).

Plaintiff states that defendants impounded his vehicle following a "felony car stop." Plaintiff then concludes without elaboration that "this seizure was unreasonable." Plaintiff's assertion amounts to a legal conclusion that the Court need not accept as true. *See Barton v. Taber*,

---

[4] Although plaintiff states that defendants' conduct violated the Fourth Amendment "due to unreasonable search and seizure," he makes no factual allegations regarding an improper search.

820 F.3d 958, 964 (8th Cir. 2016); *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

Plaintiff also fails to allege facts demonstrating each defendant's personal responsibility for the alleged harm. Plaintiff contends that defendants Mitchem and Pfeiffer did not "book [him] with the normal [formality] of procedure." He states that defendant Lukasek allowed Mitchem and Pfeiffer to wrongfully book him and that defendant Fuller "watched as [his] Fourth Constitutional Right was violated."

Plaintiff does not explain how defendant Mitchem and Pfeiffer's actions diverged from standard procedure or how their conduct otherwise resulted in an unreasonable seizure of his vehicle. As to defendants Fuller and Lukasek, plaintiff fails to allege facts that demonstrate any personal involvement whatsoever. Conclusory allegations about a defendant's supervisory role are insufficient. *See Iqbal*, 556 U.S. at 663 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits . . . the plaintiff in a suit such as the present one must plead that each Government-official defendant, through his own individual actions, has violated the Constitution."). Thus, even if plaintiff had sued defendants in their individual capacities, his claim would fall short.

### Conclusion

For the foregoing reasons, the Court will dismiss plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED.** (ECF No. 2).

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and shall include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. (ECF No. 3).

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2024.